[L. A. No. 3803. Department One.—December 16, 1916.]

MARY TUCKER, Appellant, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Respondent.

NEGLIGENCE—ELECTRIC TRAIN ENTERING CROWDED STATION—EVIDENCE. In this action to recover for personal injuries resulting from a collision with an electric train as it was entering a crowded station, the evidence is held to justify the findings that the injury was not the result of negligence on the part of the defendant, but was caused either by the plaintiff's own neglect or that of other persons not connected with the management of the train, nor in the service of the defendant.

ID.—LAST CLEAR CHANCE — IGNORANCE OF PLAINTIFF'S POSITION OF DANGER.—If the defendant's motorman did not know of the plaintiff being in a position of danger, there was no basis for the application of the doctrine of the "last clear chance,"

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. E. P. Unangst, Judge presiding.

The facts are stated in the opinion of the court.

Paul M. Nash, and L. D. Barnett, for Appellant.

Frank Karr, R. C. Gortner, and A. W. Ashburn, Jr., for Respondent.

SHAW, J.—This is an action for personal injuries alleged to have been caused by defendant's negligence in the operation of one of its cars. There was a trial by the court, a jury having been expressly waived. The court made findings of fact and conclusions of law in favor of the defendant and thereafter entered judgment that plaintiff take nothing by her action. The plaintiff appeals from the judgment and from an order denying a motion for a new trial.

The court found, in substance, that the plaintiff, while standing at the defendant's station at Playa Del Rey on October 19, 1912, was struck by one of defendant's cars and thereby received the injuries complained of, that the injuries were incurred by reason of negligence on the part of the plaintiff, and were not due to any negligence of the defendant or any of its servants.

The appellant contends that there is not sufficient evidence to support the findings. In view of the well-established rule that findings must be upheld on appeal if there is substantial evidence to support them, we find no merit in this contention.

There is substantial evidence to the effect that the defendant's motorman, upon rounding the curve some 350 feet distant from the station at Playa Del Rey, reduced the speed of his train to some six or seven miles an hour halfway in to the station, and to one mile per hour running through the crowd just before the car came to a stop; that he rang the bell and blew the whistle all the way in; that the car was equipped with a strong headlight visible from the station after rounding the curve. It also appears that the crowd was scattered along by the side of the track a distance of 100 to 150 feet, many persons getting on the train before it came to a stop; that there was plenty of room for the people to move about alongside

the track and near the station without being struck by the oncoming car; that the track appeared clear to the motorman, everybody being a sufficient distance from the track to allow clear passage of the front end of the train, and that the plaintiff was in no danger prior to this time; that the defendant's motorman exercised every necessary precaution in approaching the station; that the plaintiff's injuries were confined to the right foot. There was also evidence tending to prove that the front end of the first car of the train had passed her before she was struck, and that her injury was probably caused by other persons crowding her against the second car while they were trying to get aboard before it stopped. From this the court was authorized to find that the injury was not the result of negligence on the part of the defendant, but was caused either by her own neglect or that of other persons not connected with the management of the train nor in the service of the defendant.

There is no sufficient basis in the facts, as found, for the application of the doctrine of the "last clear chance." The court found that the defendant's motorman did not know of the plaintiff being in a position of danger. This finding, supported as it is by substantial evidence, removes the basis upon which that doctrine rests.

The judgment is affirmed.

Sloss, J., and Lawlor, J., concurred.